IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRIAN L. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-06-228-F |
| v. | ) | |
| | ) | |
| DON NARVAIS, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Defendant has moved to dismiss the cause of action pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and Plaintiff has responded to the dispositive motion.[1] For the following reasons, it is recommended that Defendant's motion be granted

I. Background

On March 6, 2006, Plaintiff filed a Complaint in which Plaintiff sought damages and

---

[1] Plaintiff's "Traverse" filed in response to Defendant's Motion to Dismiss reflects that Plaintiff is currently incarcerated at the United States Penitentiary in Coleman, Florida.

1

injunctive relief, as well as "[s]eperations [sic] from Officer Navaro [sic], USP Tara Hut [sic], any and all Gangs Dirty White Boys, Skin Heads, etc. that reside at either prison, or there [sic] other gang connections." Complaint, at 12.  Plaintiff is incarcerated in the custody of the United States Bureau of Prisons ("BOP") serving two, concurrent life sentences for his convictions for Kidnaping and Aggravated Sexual Abuse of a Child entered in the United States District Court for the Western District of Arkansas. United States v. Brown, 330 F.3d 1073 (8th Cir. 2003).

Plaintiff contended in his original Complaint that on December 29, 2004, he was transferred to the Federal Transfer Center in Oklahoma City from the United States Penitentiary in Leavenworth, Kansas, that on December 29th he was moved from a single cell and "Officer Nervise [sic] has Brown placed in a cell with a known 'Dirty White Boy' gang member" due to an "emergency" need for additional cell space. Plaintiff alleged that he and his cellmate, "Scott," "got along" and that Plaintiff learned "Scott" was being transferred to the United States Penitentiary in Terre Haute, Indiana, "to be with his gang buddies."  The following day, Plaintiff alleged that "Officer Nervise [sic]" returned to the cell and ordered Plaintiff to "cuff up" and when his cellmate, "Scott," asked why, the officer allegedly stated "You don't want this in your room." After Plaintiff was returned to single cell status, Plaintiff alleges that correctional officer "Nervise [sic] went to cell and to[ld] Inmate Scott that Brown was a 'child molester,' knowing Scott a [sic] gang member, traveling to USP Tara Hut[sic], was going to be a threat to Brown[']s safety." Complaint, at 2.  Plaintiff alleged that this action "placed [Plaintiff] in a class of Inmates subject to serious bodily harm."

Plaintiff's administrative remedy forms attached to the Complaint show that Plaintiff sought administrative relief and asserted a different version of the facts. Plaintiff asserted that on December 30, 2004, a correctional officer Plaintiff identified as "Nervise" came to the Plaintiff's cell and told Plaintiff to "cuff up," that "the other inmate asked why," and Nervise responded, "I'll tell you later." Plaintiff further asserted that two days later he asked an unidentified staff member how his former cellmate was doing and the staff member informed him that "CO Nervise [sic] had told the former cellmate that you were in [protective custody] for molesting a child and being almost killed and now this former cellmate had become upset [and] madd [sic]." Plaintiff further asserted in the administrative remedy form that "[i]t is believed that CO Nervise [sic] is acting with USP Leavenworth [sic] to have [Plaintiff] assaulted and killed, as complained in [Plaintiff's] current suit, Brown v. M. Eardley, et al, 04-3216-JWL at US District Court in Topken [sic], Ks." Complaint, att. 1.

Plaintiff's request for administrative relief was denied by the Warden of the Federal Transfer Center, who provided the following explanation for the decision: "An investigation into your allegation failed to produce any evidence that can be used to substantiate your claim." Complaint, att. 6. An appeal of this decision to the BOP's regional director's office and an appeal to the BOP's national inmate appeals office were denied. Complaint, att. 10, 12.

After a lengthy delay in effecting service of process on the proper Defendant, who is now identified as Don Narvais, Defendant Narvais was served with process and answered

the Complaint. On October 20, 2006, Plaintiff filed an Amended Complaint. As supporting facts for his cause of action, Plaintiff asserts in the Amended Complaint that he was housed at the Federal Transfer Center in Oklahoma City from December 29, 2004 to January 6, 2005, that he was initially housed in a single cell in the administrative segregation unit of the transfer center, that on December 29, 2004, "due to an emergency" need by prison personnel for more cell space, Plaintiff was moved to another cell with an inmate he identifies only as "Scott," who Plaintiff states was "carring [sic] the brand patch of a Dirty White Boy gang member." Plaintiff alleges that on December 30, 2004, correctional officer Narvais came to the Plaintiff's cell and ordered Plaintiff to "cuff up" and when "Scott" asked why officer Narvais advised Plaintiff's cellmate that "You don't want this in your room." Amended Complaint, at 4. Plaintiff further alleges that "after [Plaintiff] was ordered to single cell status, officer [Narvais] went to cell and to[ld] Inmate Scott, said [Plaintiff] was a child molester, knowing 'Scott' was traveling to USP Beaumont ... and that giving that information [sic] officer [Narvais] placed Brown in a class of Inmates subjected to serious bodily harm." Plaintiff describes himself in the Amended Complaint as a "recovering victim of assult [sic]" which he asserts occurred a year before his transfer to the Federal Transfer Center.

Defendant Narvais has now filed a special report under seal and a Motion to Dismiss the cause of action pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. In support of his motion, Defendant Narvais contends that Plaintiff has failed to state a claim of an Eighth Amendment violation and that Defendant is entitled to qualified immunity. In response to Defendant's motion, Plaintiff has filed a "Traverse." There is no dispute that

4

Plaintiff exhausted his administrative remedies prior to filing the instant action.

II. Standard of Review

A motion to dismiss may be granted when the plaintiff has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's factual allegations to be true and construes them in the light most favorable to the plaintiff. Id. A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the "broad reading" of *pro se* complaints dictated by Haines "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Id. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

"Under the doctrine of qualified immunity, government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Douglas v. Dobbs, 419 F.3d 1097, 1100 (10th Cir.

2005)(quotation omitted), cert. denied, ___ U.S. ___, 126 S.Ct. 1147 (2006). "[W]hen a defendant raises qualified immunity as a defense, the plaintiff must meet a 'heavy two-part burden' to show that the defendant is not entitled to immunity." Martinez v. Carr __ F.3d___, 2007 WL 901922 (10th Cir. Mar. 27, 2007)(quoting Albright v. Rodriguez, 51 F.3d 1531, 1534-1535 (10th Cir. 1995)). "'First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue.'" Nelson v. McMullen, 207 F.3d 1202, 1205 (10th Cir. 2000)(quoting Albright, 51 F.3d at 1534). For the law to be considered clearly established, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." Albright, 51 F.3d at 1535(internal quotation omitted). Although the court will review the evidence in the light most favorable to the nonmoving party, "the record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity." Gross v. Pirtle, 245 F.3d 1151, 1156 (10th Cir. 2001).

III. Eighth Amendment Duty to Protect

When an inmate claims an Eighth Amendment violation stemming from the conditions of the inmate's confinement, the inmate must demonstrate that the deprivation suffered was "objectively 'sufficiently serious,'" and that the defendant had a "sufficiently culpable state of mind" or was "deliberate[ly] indifferen[t]" to "a substantial risk of serious harm" to the

inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994)(quoting Wilson v. Seiter, 501 U.S. 294, 297-298 (1991)). A defendant acts with deliberate indifference if his or her conduct "disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." Berry v. City of Muskogee, 900 F.2d 1489, 1496 (10th Cir. 1990).

"Prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833. "To establish a cognizable Eighth Amendment claim for failure to protect, the plaintiff 'must show that he is incarcerated under conditions posing a substantial risk of serious harm,' the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." Verdecia v. Adams, 327 F.3d 1171, 1175 (10th Cir. 2003)(quoting Benefield v. McDowall, 241 F.3d 1267, 1271 (10th Cir. 2001)). "The subjective component of the deliberate indifference test requires that, before liability can be imposed, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998)).

In Northington v. Marin, 102 F.3d 1564, 1567 (10th Cir. 1996), the Tenth Circuit Court of Appeals held that spreading a rumor that an inmate is a "snitch" violates a prisoner's rights under the Eighth Amendment where the official "knew the probable result of spreading the rumor would be to place [the inmate] in serious jeopardy of assault by other inmates." In a similar case, the Tenth Circuit concluded in Benefield, 241 F.3 at 1270, that an official was not entitled to qualified immunity where the inmate asserted that the official "put him in

danger of attack or even death at the hands of other inmates by circulating rumors that he was a snitch and by showing other inmates a letter he allegedly wrote, indicating that he was giving information to the prison investigations staff." Neither of these cases establishes a clear Eighth Amendment deprivation stemming from a prison guard's disclosure of an inmate's conviction for child molestation to another inmate.

In this case, Plaintiff does not allege that any physical injury or threat of physical injury occurred during his brief period of custody at the Federal Transfer Center or thereafter. Nor does Plaintiff allege that Defendant was actually aware of any substantial risk to Plaintiff's safety. Plaintiff merely asserts that (1) he had previously been assaulted a year earlier at a different correctional facility and (2) he felt unsafe after he was told by an unidentified prisoner or staff member that Defendant had informed Plaintiff's former cellmate of the nature of his conviction. Plaintiff admits that he was returned to a single cell prior to the alleged disclosure of the nature of his conviction to his former cellmate. Even if the Plaintiff could show that Defendant was deliberately indifferent to his safety when he told another inmate the nature of Plaintiff's conviction, Plaintiff has failed to state a cognizable Eighth Amendment claim that he was incarcerated under conditions posing a substantial risk of serious harm. Accordingly, Defendant's Motion to Dismiss the cause of action on the grounds of failure to state a claim for relief and qualified immunity should be granted.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendant's Motion to

Dismiss (Doc. # 48) should be GRANTED.  Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A(b) or §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his opportunity to appeal. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by      April   24th     , 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    4th    day of      April      , 2007.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE