IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRIAN L. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-06-228-F |
| v. | ) | |
| | ) | |
| DON NARVAIS, | ) | |
| | ) | |
| Defendant. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

On March 6, 2006, Plaintiff filed this action pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and Plaintiff was granted leave to proceed *in forma pauperis*. Plaintiff filed an Amended Complaint on October 20, 2006, in which he sought damages and "protection" from Defendant "Officer D. Narvaiz," who he identified as a correctional officer at the Federal Transfer Center ("FTC") in Oklahoma City, Oklahoma. Plaintiff also sought relief in the form of "protection" from FTC, "USP Tara Hut [sic]," "USP Beaumont," and "any and all gangs, including Dirty White Boys, Skin Heads, that reside, any gangs or there [sic] connections." Amended Complaint, at 11.

Plaintiff contends that his Eighth Amendment rights were violated due to an alleged statement made by Defendant to another inmate in custody at FTC during Plaintiff's brief in-

1

transit stay at FTC between December 29, 2004 and January 6, 2005. Plaintiff alleges that Defendant informed this inmate, identified only as "Inmate Scott," that Plaintiff was a "child molester knowing 'Scott' was traveling to USP Beamont ... and that giving that information Officer Narvaiz [sic] placed [Plaintiff] in a class of Inmates subjected to serious bodily harm." Defendant Narvais[1] moved to dismiss the cause of action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. # 48). Plaintiff responded to the Motion to Dismiss, and the undersigned entered a Report and Recommendation on April 4, 2007, recommending that the Motion to Dismiss be granted. (Doc. # 60, 62). Plaintiff objected to the Report and Recommendation, and District Judge Friot entered an Order on April 25, 2007, adopting the Report and Recommendation and dismissing the cause of action. (Doc. # 63, 64).

Plaintiff appealed this decision, and in an Order and Judgment entered February 19, 2008, the Tenth Circuit Court of Appeals reversed. Brown v. Narvais, 265 Fed. Appx. 734, 2008 WL 442398 (10th Cir. Feb. 19, 2008)(unpublished op.). Relying on Benefield v. McDowall, 241 F.3d 1267 (10th Cir. 2001), the court held that "allegations of a prison officer's deliberate disclosure of dangerous information about an inmate's status are sufficient to state a claim under the Eighth Amendment provided the alleged danger is facially concrete and plausible enough to satisfy basic pleading standards." Brown, 265 Fed.

---

[1] Although Plaintiff identified the Defendant as "Officer D. Narvaiz" in his Amended Complaint, Defendant's pleadings indicate that Defendant's true name is "Don Narvais." Accordingly, the Clerk was directed to amend the style of the case to accurately identify the Defendant as Officer Don Narvais. (Doc. # 50).

Appx. at 736. Leaving open the possibility that "plaintiff may be unable to substantiate his allegations, or defendant may be able to show additional circumstances that negate or neutralize the danger created by the disclosure," the court "simply h[e]ld that this action was not subject to dismissal at the pleading stage." Id.

With this decision, the action was remanded to this Court. District Judge Friot vacated the previously-entered Judgment, vacated the Order adopting the Report and Recommendation, declined to accept the Report and Recommendation, and denied Defendant's Motion to Dismiss. (Doc. # 80). District Judge Friot also re-referred the matter to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

On June 13, 2008, Defendant moved for summary judgment (Doc. # 93), and Plaintiff was advised concerning his obligations in responding to the dispositive motion under Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 56, and local civil procedural rules. (Doc. # 95). Plaintiff responded to the motion, and in his response Plaintiff requested additional time to conduct discovery pursuant to Fed. R. Civ. P. 56(f). (Doc. # 106). Plaintiff separately filed numerous evidentiary documents in connection with his responsive pleading. (Doc. # 107). Defendant Narvais filed a reply to the response. (Doc. # 114).

Counsel was appointed to represent Plaintiff on September 30, 2008. (Doc. # 118). Thereafter, the parties were directed to confer and present in writing to the undersigned an agreed schedule for discovery, for the filing of any supplemental briefs, and/or for the filing of dispositive motions and responses thereto. (Doc. # 120). The parties submitted a Joint Agreed Schedule on October 21, 2008, and the agreed schedule was adopted by the

undersigned by Order entered October 21, 2008. (Doc. # 123, 124).[2] Plaintiff filed a surreply on February 13, 2009. (Doc. # 130). For the following reasons, it is recommended that the Defendant's Motion for Summary Judgment be denied without prejudice.

I. Background

Plaintiff is a federal prisoner serving concurrent life sentences for convictions for kidnaping and aggravated sexual abuse of a child. United States v. Brown, 528 F.3d 1030 (8th Cir.)(affirming denial of 28 U.S.C. § 2255 motion to vacate convictions and sentences), cert. denied, __ U.S. __, 129. S. Ct. 331 (2008); United States v. Brown, 330 F.3d 1073 (8th Cir.)(affirming convictions and sentences), cert. denied, 540 U.S. 975 (2003). In his Amended Complaint, Plaintiff asserts that he was temporarily confined at FTC between December 29, 2004 and January 6, 2005, while he was in transit between federal correctional institutions, after being assaulted at the United States Penitentiary in Leavenworth, Kansas "a year prior, by staff set up...." He alleges that while he was housed at FTC he was first placed in the administrative segregation unit in a single cell, Cell B-728, but that he was then placed in a cell on the "A side" of the administrative segregation unit on December 29, 2004, with another inmate he describes as "a known 'dirty white boy' gang member" known to Plaintiff only as "inmate Scott." Plaintiff alleges that inmate "Scott ... was carring [sic] the brand patch, of a Dirty White Boy gang member" and that "Scott was headed for Tara Hut

---

[2]Therewith, the undersigned requested that Defendant advise the Court in writing whether Defendant was withdrawing the pending Motion for Summary Judgment filed June 13, 2008. Defendant notified the Court that the pending Motion for Summary Judgment was not withdrawn. (Doc. # 125).

[sic] USP, to be with his gang buddies." Plaintiff further alleges that "[o]n December 30, 2004, [Defendant] came to [Plaintiff] and Scott's cell, and 'ordered [Plaintiff]' to 'cuff up.'" Plaintiff asserts that inmate "Scott asked why," to which Defendant "stated 'You don't want <u>this</u>, in your room.'" Plaintiff alleges that after he was removed from this cell and returned to "his single cell, as previously resided when he came" Defendant "went to cell and to Inmate Scott, said [Plaintiff] was a child molester knowing 'Scott', was traveling to USP Beaumont (was Tara-Hut)[sic], and that giving that information [Defendant] placed [Plaintiff] in a class of inmates subjected to serious bodily harm." Plaintiff alleges he learned of this exchange when he asked an unidentified correctional officer on January 2, 2005, while Plaintiff was "changing his clothes," "how his former cell mate was doing" and "the officer replied 'He's pissed,' and he began communicating with people going to USP Florence."

In documentary evidence attached to the Amended Complaint, Plaintiff includes a copy of an Informal Resolution Documentation Form dated January 5, 2004, in which Plaintiff alleges that "on 12/30/04, CO Nervise [sic] ... came to the door and told [Plaintiff] to cuff up, the other inmate asked why [and] CO Nervise [sic] stated 'I'll tell you later.'" Amended Complaint, att. 1. Plaintiff also states in this informal administrative grievance that he "believe[s] that CO Nervise [sic] is acting with USP Leavenworth, to have [Plaintiff] assaulted and killed, as complained in his current suit, Brown v. M. Eardley, et al., 04-3216-JWL of US District Court in Topkea [sic], Ks." Amended Complaint, Att. 1. Plaintiff's administrative grievance concerning this issue was rejected by FTC Warden Callahan, who responded to the grievance with the following statement:

> A review of your records revealed you were assigned to FTC, Oklahoma City from December 20, 2004, through January 6, 2005. During that time, you were housed in the Special Housing Unit. You allege that on December 29, 2004, a staff member at FTC, Oklahoma City informed your cell mate in SHU cell A-728 you were incarcerated for molesting a child. You identify your cell mate only as inmate Scott. You state he was transferred to USP, Terre Haute. An investigation into your allegation failed to produce any evidence that can be used to substantiate your claim. Due to this fact, your request is denied.

Amended Complaint, Att. 6. Plaintiff completed the administrative review process before filing the instant action.

In December 2003, plaintiff was seriously injured in an attack by other inmates while incarcerated at a federal prison in Leavenworth, Kansas. After that incident, Plaintiff was unable to identify the assailants, and he was transferred to another prison in Florence, Colorado, for his own safety. Plaintiff has been transferred to numerous prisons since that time, and he has filed a lawsuit seeking to be separated from all inmates who are in "gangs" and who were previously housed at the United States Penitentiary in Leavenworth, Kansas ("USP Leavenworth"). Brown v. Federal Bureau of Prisons, 285 Fed. Appx. 173, 2008 WL 2831252(5th Cir. July 23, 2008)(*per curiam*)(unpublished op.)(finding appeal frivolous and noting court's dismissal and district court's dismissal of Brown's complaint count as two strikes for purposes of 28 U.S.C. § 1915(g))[3]; Brown v. Armendariz, 2007 WL 1467254 (N. D. Tex. May 16, 2007)(Order, Godbey, David C., U.S. Dist. Judge)(dismissing complaint

---

[3] Plaintiff also had a previous 42 U.S.C. § 1983 action dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim for relief. Brown v. Leavenworth County, Kan., 2008 WL 4001635 (D. Kan. Aug. 26, 2008)(Order, Crow, Sam A., Senior U.S. Dist. Judge).

pursuant to 28 U.S.C. § 1915(e)(2)). Plaintiff also filed a prior lawsuit in which he alleged that federal prison officials "conspired to have plaintiff 'attacked and killed' both by institution officials and by other inmates."[4] Brown v. Eardley, 2005 WL 670309 (D. Kan. Mar. 21, 2005)(unpublished op.)(dismissing lawsuit for failure to exhaust administrative remedies), aff'd, 184 Fed. Appx. 689, 2006 WL 1587468 (10th Cir. June 12, 2006).

II. Standard of Review

Summary judgment may be granted only where the pleadings and documentary materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party. Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004). A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

---

[4] A review of Plaintiff's pleadings filed in Brown v. Federal Bureau of Prisons, Case No. 04-3216-RDR, United States District Court for the District of Kansas, shows that in the Plaintiff's Complaint filed in that action on July 13, 2004, he alleged that a federal correctional officer at USP Leavenworth had described Plaintiff as "a 'Raper of Children'" in the presence of other inmates in order to cause the inmates to attack him. A review of Plaintiff's pleadings filed in another Bivens action, Brown v. Gray, No. 06-3003-SAC, United States District Court for the District of Kansas, shows that in Plaintiff's Complaint filed in this action on January 3, 2006, Plaintiff has alleged that another federal correctional officer at USP Leavenworth, went to Plaintiff's cell on May 19, 2004, and stated "on the range in a loud tone, 'Have you raped any babies yet'" and that the official made this statement with "intent to place this prisoner in a class of inmates subject for severe bodily harm...." Plaintiff also alleges in that action that the Defendant federal correctional official "set up" an assault on Plaintiff by other inmates because Plaintiff "refused the advances" of the official "as he wanted Brown to bring in drugs for his white gangs and mercury to make specific officer sick." This action is still pending.

(1986). "Material facts" are "facts which might affect the outcome of the suit under the governing law." Id. Additionally, if the moving party demonstrates an absence of evidence regarding an issue on which the nonmoving party will bear the burden of proof at trial, the nonmoving party can defeat summary judgment only by designating with evidence outside of the pleadings "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).[5]

III. Eighth Amendment Duty to Protect

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of inmates.'" Farmer v. Brennan, 511 U.S. 825, 833 (1994)(quoting Hudson v. Palmer, 468 U.S. 517, 526-527 (1984)). Among the obligations imposed by the Eighth Amendment is the "duty ... to protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833. "Suffering physical assaults in prison is not 'part of the penalty that criminal offenders pay for their offenses against society.'" Benefield v. McDowall, 241 F.3d 1267, 1271 (10th Cir. 2001)(quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The standard for evaluating the constitutionality of official conduct is the deliberate indifference standard set out in Farmer, supra. Under this standard, liability of a

---

[5]In a prisoner civil rights case such as this one, the plaintiff's complaint is treated as an affidavit if it allege facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury. Hall, 935 F.2d at 1111.

prison official for failure to protect an inmate materializes only if the officer knew the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. Farmer, 511 U.S. at 837. The facts in such a case are "subject to demonstration in the usual ways ...." Id. at 842. The determination may rest on inferences drawn from circumstantial evidence "and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. "[L]abeling an inmate a snitch satisfies the Farmer standard, and constitutes deliberate indifference to the safety of that inmate." Benefield, 241 F.3d at 1271 (reciting holding of Northington v. Jackson, 102 F.3d at 1567). Moreover, it is well known that "convicted child molesters may be in danger in a general prison population." Brigden v. State ex rel. Okla. Dep't of Corrections, 129 F.3d 130 (Table), No. 96-3339, 1997 WL 687674, * 6 (10th Cir. Oct. 29, 1997)(unpublished op.).

Nevertheless, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." See Farmer, 511 U.S. at 844. In Doe v. Welborn, 110 F.3d 520 (7th Cir. 1997), the Seventh Circuit upheld a district court's conclusion that defendants were not deliberately indifferent to an inmate's safety where the inmate was moved to and remained in protective custody after a correctional officer allegedly disclosed to other inmates that the inmate was a snitch. Id. at 524-525. "[P]risons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more. Guards cannot turn away persons committed by the courts; nor do individual guards have any

control over crowding and other systemic circumstances." Riccardo v. Rausch, 375 F.3d 521, 525 (7th Cir. 2004).

IV. Rule 56(f)

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A court may deny a motion for summary judgment where a party "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(f). Rule 56(f) thus allows a party to request additional time for discovery prior to a district court's resolution of a pending summary judgment motion. Plaintiff's counsel has requested both that the discovery deadline, to which Plaintiff and Defendant agreed, be extended and that Plaintiff be given additional time to conduct discovery in order to obtain vital information from the alleged witness to Defendant's improper disclosure of Plaintiff's conviction. Although Plaintiff's affidavit attached to the surreply does not rely on Rule 56(f) in requesting denial of Defendant's Motion for Summary Judgment, it is clear that Plaintiff has presented the issue of further discovery within the framework of Rule 56(f). Defendant previously indicated that he did no object to Plaintiff's request to extend discovery deadlines in this matter (Doc. # 126), but given the fact that Defendant's Motion for Summary Judgment had been pending for over seven months the undersigned denied Plaintiff's request for extension (Doc. # 127).

Plaintiff indicates that Defendant has now provided Plaintiff with the last name of "inmate Scott," the individual who allegedly heard Defendant's disclosure of Plaintiff's offense. Plaintiff also indicates that Defendant has recently provided information concerning this potential witness's current status as a probationer. Plaintiff states that he has unsuccessfully attempted to obtain the deposition of "inmate Scott" or an affidavit from "inmate Scott," but Plaintiff believes that the deposition testimony of this critical witness can be obtained by subpoena. Based on these submissions, the undersigned finds that fairness dictates Plaintiff be given additional time to conduct discovery in this matter. Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment be denied without prejudice to its renewal following an adequate time period for discovery.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendant's Motion for Summary Judgment (Doc. # 93) be DENIED without prejudice to its renewal following an adequate time for the parties to conduct further discovery. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___March 16th___, 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation

11

are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __24th__ day of __February__, 2009.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE