IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BRIAN L. BROWN,                    )
                                   )
           Plaintiff,     )
                                   )
                                   )        CIV-06-228-F
v.                                 )
                                   )
DON NARVAIS,                       )
                                   )
           Defendant.     )

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the undersigned is Defendant Narvais' Motion to Quash Subpoena (Doc. #145), to which Plaintiff has responded. In this <u>Bivens</u> action, Plaintiff seeks damages and "protection" from Defendant Narvais, a correctional official at the Federal Transfer Center ("FTC") in Oklahoma City, Oklahoma, for alleged violations of his Eighth Amendment rights.  Plaintiff has alleged in his Amended Complaint that sometime during Plaintiff's brief in-transit stay at FTC between December 29, 2004 and January 6, 2005, Defendant made a statement to another inmate, identified only as "Inmate Scott," that Plaintiff was a "child molester knowing 'Scott' was traveling to USP Beamont ... and that giving that information Officer Narvaiz [sic] placed [Plaintiff] in a class of Inmates subjected to serious bodily harm."

Plaintiff has served a Subpoena upon Mr. Crook, in his capacity as the general counsel for FTC, pursuant to Fed. R .Civ. P. 45 seeking the disclosure to Plaintiff's attorney of

documents showing the name and address of potential witness "Scott" in Plaintiff's instant

<u>Bivens</u> action.[1]  The Subpoena directs Mr. Crook to produce for inspection and copying any

"[d]ocument showing the name and last known address for a previous inmate named Scott

Anderson a/k/a Scotty Anderson a/k/a Mr. Anderson that shared a cell at the FTC with

inmate Brian Brown from 6:27 p.m. December 30, 2004 through 12:23 p.m. December 31,

2004." (Doc. # 141).

The Bureau of Prisons ("BOP") has moved to quash the subpoena pursuant to Fed.

R. Civ. P. 45(c)(3)(A)(iii) on the ground that the subpoena would require the disclosure of

privileged information.  Relying on Fed. R. Civ. P. 45(c)(3)(A)(iv), BOP also contends that

the Subpoena should be quashed because disclosing the materials requested in the Subpoena

would be unduly burdensome.  In BOP's Motion to Quash, BOP advises that "BOP records

do not indicate that a 'Scotty Anderson' shared a cell with Plaintiff on the dates and times

specified in the Subpoena.  In December 2004 an inmate named Scotty Dwayne Sanders was

at FTC Oklahoma City; therefore, BOP interprets the Subpoena as requesting information

on Mr. Sanders."  BOP indicates that Mr. Sanders has been released from prison, and it is not

clear whether Mr. Sanders is on a probationary status at this time.

Plaintiff responds that BOP's disclosure of the information demanded in the Subpoena

would only slightly intrude on the witness's privacy interests because the information would

not be publicly disclosed and would only be viewed by Plaintiff's counsel.  Further, the

---

[1]On April 21, 2009, Plaintiff, through his court-appointed counsel, filed a notice of service
of the Subpoena upon Mr. Crook.

information would only be used for limited discovery purposes.  Plaintiff also responds that

BOP's undue-burden argument is without merit as the information is easily accessible in and

printable from BOP's SENTRY database maintained for federal inmates.    Plaintiff

alternatively contends that even if the Privacy Act prevents disclosure of the subpoenaed

information, the Court may specifically order production pursuant to 5 U.S.C. § 552a(b)(11),

and that such a court order would preclude a private cause of action against BOP for

disclosing the potential witness's name and address.

It is worth noting initially that "the Federal Rules of Civil Procedure strongly favor

full discovery." Exxon Shipping Co. v. United States Dep't of Interior, 34 F.3d 774, 779 (9th

Cir. 1994).  Fed. R. Civ. P. 26(b) provides that

> Unless otherwise limited by court order, the scope of discovery
> is as follows: Parties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim or
> defense - including the ... identity and location of persons who
> know of any discoverable matter.  For good cause, the court may
> order discovery of any matter relevant to the subject matter
> involved in the action.

Nevertheless, Rule 45 provides that a court may quash a subpoena if it "requires

disclosure of privileged or other protected matter, if no exception or waiver applies" or if it

"subjects a person to undue burden."  See Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv).  BOP has

invoked the Freedom of Information Act ("FOIA") and the Privacy Act in moving to quash

Plaintiff's subpoena.  BOP contends that the information requested by the subpoena is

protected by the Privacy Act because the name and address of an individual maintained in

BOP's SENTRY database would be disclosed.

The Privacy Act generally prohibits the federal government from disclosing personal information about an individual without the individual's consent. 5 U.S.C. § 552a(b).  Under the Privacy Act, "[n]o agency shall disclose any record which is contained in a system of records" except under certain specified circumstances.  Id.  Those circumstances include disclosure "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. §552a(b)(11).  Information is contained in a "record" if it is (1) about an individual and (2) maintained by an agency. 5 U.S.C. § 552a(a)(4).  A "system of records" is defined as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(5).  An agency's failure to comply with § 552a(b) may subject the agency to civil liability, if the litigant can demonstrate that he or she was adversely affected by the agency's failure to comply. 5 U.S.C. § 552a(g)(1)(D).  However, "[t]he Privacy Act ... does not create a qualified discovery privilege .... Nor does the Act create any other kind of privilege or bar that requires a party to show actual need as a prerequisite to invoking discovery." Laxalt v. McClatchy, 809 F.2d 885, 888 (D.C. Cir. 1987).  "Rather, the plain language of the statute permits disclosure 'pursuant to the order of a court of competent jurisdiction.'" Id. (quoting 5 U.S.C. § 552a(b)(11)).

FOIA, in turn, exempts from its coverage "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6)("Exemption 6").  The Supreme Court has recognized, however, that the "FOIA was not intended to supplement or displace rules of discovery."

4

John Doe Agency v. John Doe Corp., 493 U.S. 146, 153 (1989).

Plaintiff seeks disclosure of relevant information likely to lead to the discovery of admissible evidence.  Because Plaintiff is incarcerated, Plaintiff has no opportunity to learn the identity or address of the individual he believes is a witness who can support his claim against Defendant.  Although the potential witness in this case has a countervailing interest in the public dissemination of his name and address, it is "[t]he individual, and not the agency in possession of the records, [which] controls the privacy interest." Carpenter v. United States Dep't of Justice, 470 F.3d 434, 438 (1st Cir. 2006).   The potential witness's privacy interest could be protected if the parties would negotiate a confidentiality agreement regarding disclosure of the requested information.  BOP's alternative arguments in support of its Motion are without merit.

## RECOMMENDATION

Based on the foregoing findings, the undersigned RECOMMENDS that the Motion to Quash (Doc. # 145) be DENIED and that BOP be directed to disclose within twenty (20) days of any order adopting this Second Supplemental Report and Recommendation the name and address of the individual described by Plaintiff in the subpoena directed toward Mr. Crook.  Prior to the disclosure, it is recommended that the parties be directed to confer and present the Court an appropriate confidentiality agreement regarding disclosure of the above-described information.

Plaintiff is advised of his right to file an objection to this Second Supplemental Report and Recommendation with the Clerk of this Court by _____July 13th_____, 2009, in

5

accordance with 28 U.S.C. § 636 and LCvR 72.1.  The failure to timely object to this Second Supplemental Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Second Supplemental Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this _____23[rd]_____ day of _____June_____, 2009.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE